## McFURRIN v. STATE.

No. A-11522. April 23, 1952.

(244 P. 2d 347.)

242

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Willard Alexander McFurrin, was charged by an information filed in the county court of Comanche county with driving an automobile on the public highway while under the influence of intoxicating liquor, was tried, convicted, and pursuant to the verdict of the jury was sentenced to pay a fine of $250 and to serve a term of 90 days in the county jail of Comanche county.

The Attorney General has filed a motion to dismiss the appeal for the reason that the appeal was not filed in this court within the 60 days fixed by statute, and which 60 days were also fixed in the judgment and sentence.  In his motion the Attorney General sets forth that the judgment and sentence was pronounced against the accused on September 26, 1950, and that on the same day defendant gave notice of his intention to appeal to the Criminal Court of Appeals and the county court fixed the appeal bond and allowed defendant "sixty days from this date within which to file his petition in error in the Criminal Court of Appeals";

That the case-made was prepared and certified by the court reporter on November 20, 1950, and on the same day counsel for defendant certified that the case-made was full, true, and correct, and served a copy of the same upon the county attorney; this same date, (November 20, 1950), the case-made was certified as true and correct by the court clerk of Comanche county; that all of these proceedings were within the time fixed by the court and none of the above dates had been changed in the copy served on the county attorney, which copy was tendered to this court for examination; the 60 days fixed by the court within which the appeal could be filed terminated on November 25, 1950, and the appeal was not lodged until December 20, 1950, or 25 days after expiration of the time fixed by the trial court.

The motion of the Attorney General further alleges that it now appears that on the original copy of the case-made and in the judgment and sentence in the office of the court clerk the word "sixty" has been scratched out and the word "ninety" has been inserted with a pen; also the certificate of the court clerk on the original case-made has been scratched out and changed with a pen to December 13, 1950.  The Attorney General further alleged that the erasures

and insertions were made by some person or persons unknown and without the knowledge of the court clerk or of the trial court, and no order of the court was made authorizing any such change or granting any such extension of time.

Attached to the motion of the Attorney General is a certificate of the court clerk, Ollie Fite, in which he stated that the word "sixty" shown stricken out of the judgment and sentence, and the word "ninety" written in, was done without his knowledge or consent by person or persons unknown, and was originally recorded sixty; that the minutes of the court on the day judgment and sentence were pronounced show sixty days were fixed as the time within which the appeal should be filed in the appellate court and no extension of such time was ever given.

Counsel for the defendant was given 15 days in which to respond to the motion to dismiss or furnish any corrections that he might have in response to the allegations made against him. The 15 days thus allowed have long since expired and no response has been filed and no corrections or additions to the case-made have been sought to be made.

Under such a state of the record our mandatory duty is plain. Under the statute fixing the time within which an appeal can be filed in misdemeanor cases, the appeal must be filed within 60 days, unless the trial court, for good cause shown, enters an order extending the time for a period not exceeding sixty additional days. 22 O. S. 1951 § 1054.

In the recent case of Adkins v. State, 91 Okla. Cr. 122, 216 P. 2d 360, 361, this court stated:

"Where defendant had 60 days to perfect his appeal and the case-made was signed and settled prior to that time, it is required that the same be filed in this court within the 60 day period, where no further extension of time has been granted.

"Where the case-made has not been filed within the time prescribed by law, this court does not acquire jurisdiction, and the appeals will be dismissed on motion."

It is apparent that some person has made as illegal alteration of the record in the court clerk's office for the sole purpose of enabling the appeal to be filed within the time fixed by the altered judgment and sentence. This alteration does not appear on the case-made served on the county attorney, so it is evident that the alteration was made after the case-made was served on the county attorney on November 20, 1950, There was no proof before this court as to who made the alteration and we do not attempt to place the finger of blame upon any individual. It is evident however that the alteration was illegally and wrongfully made, and this court's attention having been called to the same it cannot be countenanced for the purpose of affording a basis for the lodging of the appeal.

The appeal is accordingly dismissed and the county court of Comanche county is directed to carry its judgment and sentence into execution.

BRETT, P. J., and POWELL, J., concur.